BEFORE THE SECOND DIVISION, FEBRUARY 26, 1952

**No. 56427.**—Allis Chalmers Manufacturing Company v. United States, petition 6808–R (Milwaukee).

FORD, Judge: This petition, praying for the remission of additional duties incurred by reason of undervaluation of certain merchandise on entry, was filed under the provisions of section 489 of the Tariff Act of 1930.

When this petition was called for a hearing, Mr. R. E. Gardenier, president of the customhouse broker who made the entry, testified in effect that his firm was called in to clear this shipment through customs, pay the duty, and see that it was delivered to Allis Chalmers as promptly as possible; that the only information he had as to the value of the merchandise was the certified consular invoice signed by the shipper before the American consul; that he prepared all the documents in this case in regard to the payment of duty and value; that no effort was made to find out the value of the merchandise because of the time limit, "the high pressure put on me by Allis Chalmers Manufacturing Company to get immediate delivery of that shipment for an exhibition"; that he relied on the value given by the Canadian company, since he had no reason to believe that such value was not correct; that "The 15% discount comes within the range of an ordinary trade discount."

Upon being questioned by the court, the witness testified further that in determining the value at which to enter merchandise, it was his practice to submit the invoice and other information in his possession to the appraiser, but that in this case he did not ask for any further information of any kind; that he does not always accept the consular invoice as being final, but that he did so in this case because he felt that the 15 percent discount came within the range of a trade discount. "It didn't seem to be an excessive discount." The witness further stated, in effect, that he did not submit the invoice and other information to the appraiser, or make any other effort to ascertain the correct value of this merchandise before making entry, because "We weren't given time by the importer. The shipment arrived. They were in such a terrible rush they wanted me to do everything possible to get that thing and if possible to try to have it examined on the dock because it was late in arriving for some type of an exhibition or demonstration of some kind."

We are satisfied from the testimony of the broker herein that he did all he could under the circumstances surrounding this entry to obtain the correct value at which to enter this merchandise. It is self-evident the broker was prevented from following his usual custom of submitting the invoice and all other information in his possession to the appraiser as one step in attempting to ascertain the correct value by reason of the fact that the importer was in a great rush to get this merchandise cleared through customs, in order that it might be used in some type of exhibition or demonstration.

On the facts in this case, we are not disposed to hold that petitioner was guilty of intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. This case does appear, however, to be controlled by the decision of the Court of Customs and Patent Appeals in *United States* v. *Edward H. Corrigan*, 38 C. C. P. A. (Customs) 26, C. A. D. 434, wherein that court held as follows:

The record discloses that appellee did not inquire of the seller regarding the value of the merchandise; that he did not inquire of Charles T. Wilson Company, Inc., the purchaser of the merchandise, regarding the value of the merchandise; that the Charles T. Wilson Company, Inc., did not advise appellee anything relating to the value of the merchandise; and that appellee made no other effort to ascertain the value of the merchandise but simply entered the shipment at the value shown on the consulate invoice. Such indifference as to the proper

value of the merchandise as disclosed by the record in this case does not meet the requirements of satisfactory proof of good faith which will support appellee's petition for remission under the statute. *National Silk Spinning Co., Inc.* v. *United States*, 28 C. C. P. A. (Customs) 24, 26, C. A. D. 119; *R. W. Gresham* v. *United States*, 27 C. C. P. A. (Customs) 106, C. A. D. 70.

There was a duty upon the appellee to seek information as to the correctness of his representation as to the value of the merchandise, and that duty was not performed by appellee. In the case of *R. W. Gresham* v. *United States, supra*, this court said (at p. 111):

> It has frequently been pointed out that the entrant of merchandise owes a duty to inform himself as to the correctness of his representations as to the value of his merchandise and that a showing of indifference to its proper value does not meet the requirements of satisfactory proof under the statute.

The trial court was in error in holding that because the evidence did not warrant a finding that the petitioner made entry with intent to defraud, the petition for remission should be granted. The petitioner has the burden to show affirmatively that the entry was made without intent to defraud. Under the rule of the authorities cited, we hold that petitioner failed to meet that burden. The judgment appealed from must be, and is, *reversed*.

Upon the record herein, following the decision in the *Corrigan* case, *supra*, we feel constrained to hold that petitioner herein has failed to meet the burden of showing affirmatively that the entry was made in this case without intent to defraud. The petition is therefore denied. Judgment will be rendered accordingly.